## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD THOMAS MAZIARZ, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GJH-18-3271 |
| PRINCE GEORGE'S POLICE DEPT. | * | |
| CORPORAL JEFFERY A. KRAUSS, | | |
| CORPORAL MORRISETTE, | * | |
| ARTHUR A. MARSHALL, | | |
| DAVID M. SIMPSON, | * | |
| THOMAS SAUNDERS, | | |
| DONNA SHEARER, | * | |
| GEORGE LIPMAN,[1] | | |
| JOHN DOE, and | * | |
| JANE DOE | | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM OPINION**

This civil rights complaint was filed on October 19, 2018, along with a Motion to Proceed in Forma Pauperis. Plaintiff Donald Thomas Maziarz is incarcerated at Jessup Correctional Institution and alleges the named Defendants deprived him of his constitutional rights in connection with his criminal case. *See State of Maryland v. Maziarz*, Case No. CT821458A (Prince George's County Cir. Ct. 1982);[2] *Maziarz v. State*, 485 A.2d 245 (Md. 1984). Maziarz was convicted of first degree murder, first-degree rape, robbery and arson; he was ultimately sentenced to a life term of incarceration. *Id*. The conviction has not been overturned through appellate or post-conviction review. For the following reasons, the complaint will be dismissed and Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted.

---

[1] The Clerk shall amend the docket to reflect the correct name of Defendant George Lipman.

[2] http://casesearch.courts.state.md.us/inquiry

As noted, Maziarz filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Defendants Arthur A. Marshall, Jr. and David M. Simpson were the State's Attorneys involved in prosecuting Maziarz. ECF No. 1 at pp. 4, 8-9. Maziarz claims that they each had knowledge that the indictment was defective. *Id.* at pp. 8-9. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117-118 (4th Cir. 2018); *Springmen v. Williams*,

122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant*, Kalina*, 522 U.S. at 130, prepares and files charging documents, <u>id.</u>, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." Maziarz's claims against Marshall and Simpson are barred and must be dismissed.

Maziarz also names as a Defendants Thomas Saunders, Donna Shearer, and George Lipman, public defenders appointed to represent him in his criminal trial. ECF No. 1 at pp. 9-10. He asserts that his public defenders also knew or should have known that the indictment was defective. <u>Id.</u> Defense attorneys, whether appointed or privately retained, do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980); *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Here, Maziarz does not offer anything in

support of his assertion that Thomas Saunders, Donna Shearer, or George Lipman conspired with the state officials. This claim is a naked assertion of conspiracy and must be dismissed.

The remaining named Defendants are the police officers involved in the investigation of the criminal case against Maziarz. As noted, Maziarz's conviction has not been overturned or otherwise invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

The complaint allegations, if allowed to proceed, will go to the validity of the criminal judgment. Accordingly, the claims against the police officers and "John and Jane Doe" will be dismissed without prejudice.

A separate Order follows.

February 28, 2019          /s/_____
Date                       GEORGE J. HAZEL
                           UNITED STATES DISTRICT JUDGE